# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2012

No. 12-20087
Summary Calendar

Lyle W. Cayce
Clerk

CURTIS BRYANT, JR.,

Plaintiff-Appellant

v.

DIANA O. KUKUA, Senior Warden of Ellis Unit; KENNETH L. GASTON, Assistant Warden of Ellis Unit; JOHN P. WERNER, Assistant Warden of Ellis Unit; JAN A. GUSTAFSON, Correctional Officer; MELVIN REYNOLDS, Correctional Officer; DELBRA A. CASEY, Industrial Specialist III Ellis Unit,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-1803

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Curtis Bryant, Jr., Texas prisoner # 566118, filed a 42 U.S.C. § 1983 action against a senior warden, two assistant wardens, two correctional officers, and an industrial specialist. He alleged that his right to privacy was violated when he was subjected to a strip search in the presence of female correctional officers.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20087

The district court dismissed Bryant's action as frivolous under 28 U.S.C. § 1915(e) and denied Bryant leave to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith. Bryant now moves this court for leave to proceed IFP. His motion constitutes a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). "When the prisoner opts to challenge the certification decision, the motion must be directed solely to the trial court's reasons for the certification decision." *Baugh*, 117 F.3d at 202.

Neither Bryant's IFP application nor his supporting affidavit addresses the district court's certification decision in any meaningful way. He asserts only that he believes in good faith that he is entitled to the relief he seeks. Because Bryant has failed to challenge the reasons for the district court's decision or show that the appeal raises a nonfrivolous issue, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See id.* at 202 n.24; 5TH CIR. R. 42.2.

Both the dismissal of this appeal and the district court's dismissal of Bryant's complaint count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Bryant is WARNED that if he accumulates three strikes, he will be barred from proceeding IFP pursuant to § 1915(g) while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).