# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 20, 2013

Lyle W. Cayce
Clerk

No. 12-20278
Summary Calendar

CURTIS BRYANT, JR.,

Plaintiff-Appellant

v.

RICHARD A. MORRIS; RICHARD A. GUNNELS; JOHN P. WERNER; JACLYN
M. HEIN; CURTIS BRIDGES, JR.; JASON L. HATTHORN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-266

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Curtis Bryant, Jr., Texas prisoner # 566118, appeals the district court's
dismissal of his 42 U.S.C. § 1983 action as duplicative and thus malicious
pursuant to 28 U.S.C. § 1915(e).  In this court, Bryant argues the merits of his
claim that the defendants violated his privacy rights under prison policy and the
Fourth Amendment to the United States Constitution by conducting a body
cavity search in the presence of other inmates and several male and female

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

correctional officers.  Liberally construed, he additionally contends that the district court improperly made factual determinations relating to the merits of his claims.

Bryant has failed to brief any challenge to the reason for the district court's dismissal of his instant § 1983 action, namely the court's finding that his action was duplicative and thus malicious.  Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Bryant does not challenge the reason for the district court's dismissal of his action, he has abandoned the only issue before this court.  *See id.*; *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  His appeal is without arguable merit and is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983); 5TH CIR. R. 42.2.

The district court's dismissal of Bryant's complaint as malicious and our dismissal count as two strikes for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Bryant has previously accrued one strike.  *See id.* at 387; *Bryant v. Watts*, No. 93-1552, 1993 WL 347037, at *1 (5th Cir. Aug. 13, 1993) (unpublished) (affirming district court's dismissal as frivolous).  After he filed this appeal, he received two additional strikes.  *See Bryant v. Kukua*, No. 12-20087, 2012 WL 3489940, at *1 (5th Cir. Aug. 14, 2012).

Because Bryant has now accumulated five strikes, he is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury."  *See* § 1915(g).  We caution Bryant that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions, Bryant is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

No. 12-20278

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.